Argued June 9; reversed July 8, 1931.

TOEDTEMEIER *v.* TOEDTEMEIER ET AL.

(300 P. 1025)

*Wm. Hammond,* of Oregon City, for appellant.

*Mark Weatherford,* of Albany (Weatherford & Wyatt, of Albany, on the brief), for respondent Rose Toedtemeier.

BELT, J. This is a suit to foreclose three mortgages on real property in Linn county. The land in question was purchased by S. G. Hogue from A. M. Templeton on August 30, 1920, the purchaser assuming and agreeing to pay two mortgages aggregating $5,000, dated January 25, 1915, in favor of the State Land Board. On August 3, 1921, S. G. Hogue and wife executed a mortgage to A. M. Templeton for $1,250, securing two notes; one for $500 and the other for $750, covering the property described in the first cause of suit. On the same date, Hogue and his wife gave an additional mortgage to A. M. Templeton for $1,250, securing two similar notes ($500 and $750) covering the property described in the second cause of suit. On

April 14, 1923, S. G. Hogue and wife conveyed all of the land to the defendant Louis Toedtemeier and the grantee assumed and agreed to pay the above described mortgages. On May 12, 1923, Templeton assigned his two mortgages to the plaintiff, Henry Toedtemeier, a brother of the defendant, Louis Toedtemeier. One assignment was recorded September 20, 1926, and the other on May 6, 1927. In the third cause of suit it is alleged that the plaintiff, on January 9, 1925, at the special instance and request of defendant, Louis Toedtemeier, paid to the State Land Board, in satisfaction of its two mortgages, the sum of $1,551.97. It is further alleged that, to secure the repayment of the money thus paid to the State Land Board, the defendant, Louis Toedtemeier, executed his note and mortgage in favor of his brother, the plaintiff herein, in the sum of $1,550. This mortgage, which was an encumbrance upon all of the land described in the complaint, was not recorded until July 13, 1927. On January 13, 1928, defendant Rose Toedtemeier, obtained a decree of divorce from defendant Louis Toedtemeier wherein the court, in accordance with the stipulation of the parties with reference to a property settlement, decreed that the wife was entitled to an undivided one-third interest in the property involved in this suit.

It is the contention of the defendant, Rose Toedtemeier, that the money paid to Templeton for the assignment of the mortgages and that which was paid to the State Land Board, in satisfaction of its mortgages, belonged to her former husband, Louis Toedtemeier, and that a conspiracy existed between him and his brother, the object and purpose of which was to defraud her of any property which she might obtain in the divorce proceeding.

The trial court found that the transactions between Louis Toedtemeier and his brother Henry were fraudulent and, therefore, dismissed the suit to foreclose the mortgages. It was further decreed that Rose Toedtemeier was the owner of an undivided one-third fee in the property described in the complaint, free and clear of any lien by virtue of the assignments to plaintiff or the mortgage of Louis Toedtemeier to plaintiff.

In our opinion, it has not been established by a preponderance of the evidence that Louis Toedtemeier and his brother were engaged in a fraudulent scheme or plan as alleged. After Louis Toedtemeier was divorced from his first wife in Clackamas county he conveyed 80 acres of land to his brother to be held in trust for him. This property was later sold by the plaintiff for $6,500 in cash which was turned over to the defendant, Louis Toedtemeier. In 1903, Louis Toedtemeier married the defendant, Rose Toedtemeier, and in 1908 moved to the farm near Airlie, Oregon, which had been purchased largely with the money obtained from the sale of the property in Clackamas county. The Airlie farm was exchanged for land near Brownsville, Oregon, which is the subject of this suit. Louis Toedtemeier is positive in his testimony that the $6,500 in gold received as a result of the Clackamas county sale was invested in the Airlie farm, whereas the respondent, Rose Toedtemeier, insists that it was buried, together with other money, on the farm near Brownsville and later used to pay Templeton and the State Land Board. It will be recalled that the assignment of the Templeton mortgages was effected on May 12, 1923. The suit for divorce was not filed until August 25, 1927, and there is no evidence in the record that, at the time these assignments were made, any marital

difficulties existed between Louis Toedtemeier and his wife. Under such circumstances, it is unreasonable to infer that the two brothers, at the time of taking up the Templeton mortgages, had in mind the perpetration of any fraud upon Rose Toedtemeier. Furthermore, there was introduced in evidence a check in the sum of $1,173.37, endorsed by the plaintiff, which, it is admitted, was applied in satisfaction of the Templeton mortgages. The testimony of Rose Toedtemeier that her husband had between seven and eight thousand dollars buried on his farm is highly improbable. She testified in great detail as to the digging up of this large amount of gold and silver which, if her testimony is to be believed, would weigh approximately 55 pounds. Speaking of the condition of the gold at the time it was unearthed, she said it was "kind of green and moldy colored" and that it "stuck together." The daughter of the defendant Rose Toedtemeier testified that this money was carried away in a basket by Emilie Toedtemeier, a sister of the plaintiff. The evidence is not clear as to the size of this basket nor the physical strength of Emilie, nor do we believe that the gold pieces stuck together. We think it more probable that the testimony of Louis Toedtemeier as to the amount of money buried on this farm is correct. If there were between seven and eight thousand dollars buried, we are at a loss to understand what became of the balance after the satisfaction of the mortgages. At the time of the divorce proceedings, Rose Toedtemeier undoubtedly had full knowledge of these various mortgages. Yet, in her property settlement, nothing was said about the alleged fraudulent transactions of which she now complains. We are convinced that the plaintiff, Henry Toedtemeier, obtained these mortgages in good faith and by the use of his own money. He is,

therefore, entitled to a decree of foreclosure. A more extended recital of the evidence might be of interest to the litigants, but not to the profession generally. Our reports should not thus be burdened.

The decree of the lower court dismissing this suit is reversed and the cause remanded with directions to enter a decree of foreclosure in accordance with the prayer of the complaint.

BEAN, C. J., BROWN and ROSSMAN, JJ., concur.